

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAR 16 2009

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MARK NEITZKE, PAUL A. VIS, JULIE VIS, BILL VIS, RON BROWN, JANICE BROWN, BRENDA AGUILAR, SEACREST MANAGEMENT, DUANE R. ANDERSON, MIKE ANDERSON, JOHN ARMSTRONG, GARY ARNELL, CLENETH ARNELL, DALLEN S. ATACK, LUJUANA BADGER, SPRINGFIELD INVESTMENTS LLC, CODY BAIR, BRUCE BAIRD, BRIAN R. BAIRETT, BAT INVESTMENT GROUP LLC, ANDREW BAUMAN, SCOTT BENSON, ANTHONY L. BENZINGER, TINA L. BENZINGER, BRIAN J. BLACK, DARLENE BORZENSKI, DAVID T. BOURGEOIS, BRIAN BOWER, ELIZABETH BOWER, RICHARD S. BOYER, LORI BOYER, ROBERT D. BRADEN, KYLE BRADFORD, GARY BROCKBANK, GARY H. BROCKBANK-SEP IRA, GARY H. BROCKBANK MDS, DUNCAN H. BROCKBANK, DUNCAN H. BROCKBANK IRA, DOROTHY D. BROCKBANK, JOSHUA M. BROCKBANK -IRA, NORMAN BROCKBANK, W HUGHES BROCKBANK, W HUGHES BROCKBANK-LIVING TRUST, KIMBERLY B. BROCKBANK-IRA, PENNY BROWN, DAVID CHYTKA, MARY S. CLAEYS, DANIEL CLARK, RUSSELL CLARK, ADAM R. CLARKE, JERRY P. CLAUNCH, SCOTT D. CLAUCH, SHIRLEY M. CLAUCH, TORY CLAYTON, AZA B. CLINE, DIANA COE, | Case No. 09- 4028<br><br>COMPLAINT |

JO ANN COELHO-ROSE, CADE  \*
COLTRIN, NATASHA COLTRIN,  \*
CORY G. COLTRIN, ANGELO CONTINO, \*
JOE O. COTTON, MARVIN CURTIS,  \*
MARVIN BENJAMIN CURTIS,  \*
ERICA J. DAVIS, TODD R. DAYLONG,  \*
CLIFFORD E. DENDEKKER, WILLY T.  \*
DENDEKKER, TJAPKO DETMERS,  \*
MARY LOU DETMERS, LARRY E. DEWEY
ROBIN A. DEWEY, FRED DICKERSON,  \*
RANDY DIRKS, PATRICK DONOHOE,  \*
COLLIN DVORK, RICHARD DVORK,  \*
CHARLES ENGLISH, BRUCE  \*
ESKANDER, STEFANIE ESKANDER,  \*
CHRIS R. EVANS, SHAWN EVENSON,  \*
INGE FAN, RAY FARKAS, PAULA J.  \*
FARKAS, RICHARD W.  \*
FEATHERSTONE, ELIZABETH A.  \*
FEATHERSTONE, DARWIN FIELDING,  \*
TRACI A. FINE, MAREEN DUNCAN-  \*
FISHER, LARRY E. GOODROW SR.,  \*
STEVEN L. GOYETCHE, JAMES GOULD, \*
ACCELERATED APPRAISALS LLC,  \*
CRAIG GREEN, HAZEL GREEN,  \*
BENJAMIN S. GREENWOOD, JEFFREY  \*
HADERLIE, DAN HALBACH, JARED  \*
HARDY, JASON J. HARMELINK, BRYAN \*
HASLAM, JAROM HIBBERT, MARSHALL\*
RANDY A. HUDSON, BONNIE J. HUISH,  \*
J. MATTHEW HUISH, TERRY L. HUMBER\*
CHRISTINA HUMMER, CHARLES D.  \*
IRWIN, JAMES JACKSON, WILLIAM  \*
JOHANSEN, TEAK JOHNSON, PEGGY  \*
JOHNSTON, DAVID SCOTT JOSEPH,  \*
JOHN KAHLE, STEPHEN A. KANE,  \*
GREGORY KELLER, KAREN KENT,  \*
KEVIN KLUMPP, JOSHUA KNAPTON,  \*
LISA KNAPTON, TERI KNOCHENMUS,  \*
JAMES A. KOBELAK, CAROLYN E.  \*

| | |
|---|---|
| KOBELAK, GARWOOD KOTTIE, DAROLD | * |
| B. LAABS, HELEN A. LAABS, BETTY R. | * |
| LAUB, TONY LEBLANC, ROGER LECLAIR, | * |
| KENNETH LEMINGS, KIMBERLYN LIAL, | * |
| WARREN J. LONGHURST, RAFAEL LOPEZ, | * |
| JARED R. LUCAS, THOMAS G. MAILE THE | * |
| 5TH, DARIN MALCOLM, LEON D. MALCOM, | * |
| KERRY L. MALCOM, LOIS A. MARTIN, | * |
| SALLY MARTINEZ, MELANIE MAXFIELD, | * |
| JOHN R. MEHL, DANA A. MEIER, RUSSELL | * |
| R. MILLER, BRANDON MILLER, KENDALL | * |
| C. MILLER, ROBERT L. MORRISON, TERRI | * |
| MURPHY, DEANE NAULT, JANET NAULT, | * |
| MARK NEITZKE, JAMES OFFERDAHL, | * |
| DAN L. OSTROM, ROSA OTERO, DAVE E. | * |
| OVESON, TERRY PANTALEO, KELLY | * |
| PARSONS, JAMES D. PAXMAN, ANDREA | * |
| PENNERS, DAVID PERRY, BRYAN | * |
| PHILLIPS, STEPHEN E. PHILO, KATHY M. | * |
| PHILO, FRED PIERCE, TARA PIERCE, | * |
| ROBERT T. PIERCE, CHRIS PILLING, | * |
| TYSON PITCHER, JASON R. RAVNSBORG, | * |
| ROBERT W. RAYBOULD, GILBERT RAZO, | * |
| PAUL E. RINKEL, ALICIA A. ROBERTSON, | * |
| WILLIAM D. ROZAR, PETER SALZMANN, | * |
| SHARON SALZMANN, MICHAEL SCHMIDT | * |
| SCOTT SCHOBER, RONALD SCHOBER, | * |
| SANDRA SCHOBER, DALE E. SCHWANTES | * |
| CALVIN SHELLEY, JANINA SHEPPARD, | * |
| ROCHELLE SHERIDAN, MICHAEL S. | * |
| SHERMAN, KATHRYN M. SHERMAN, | * |
| ELINA B. SIMON, RANDY SMITH, ROGER | * |
| SMITH, RAYMOND PILLMAN, JR. , | * |
| MICHELLE STATTI, DAVID STOUT, LISA | * |
| TA'ALA, JAMES D. TAYLOR, JEFFREY J. | * |
| TESCH, BRYAN R. TEW, TERRY TOMAN, | * |
| JOHN E. TRACHSEL, TED W. TRONSON, | * |
| JEFFREY L. TURNER, RYAN TURNER, | * |
| REBECCA TYBERG, GERALD UITHOVEN, | * |
| SERGEY N. VARIVODA, DANIEL W. VIS, | * |

3

| | |
|---|---|
| JEANNE VIS, KAY MARTIN, CHRISTOPHER WALKER, BRYON WALLS TRUST, RW INC., EARLE WELLS, STEPHEN A. WILCOX, MAX WILLARD, TERESA L. WILLARD, MELANIE WILLIAMS, INFINITE ABUNDANCE LLC, KEVIN WILSON, KAYLEEN H. WINKLER, MICHAEL ZIMMERMAN, BRAD ZOBRIST, FRANK HAROLD, COMMAND INVESTMENTS LLC, KJM REAL ESTATE, HURRICANE INVESTMENTS, LLC, AXIOM INVESTMENTS LLC, FIELDING FINANCIAL INC, ELKHORN CHIROPRACTIC INC., CABIN HOLLOW HOLDINGS, LLC, TEAK LLC, VAN CORTLAND ENTERPRISES, DREAM TEAM ANESTHESIA PC, HYDRO-TEK POOLS INC, OSTROM ENTERPRISES, KUF MANAGEMENT, LLC, KP CONSULTING, QUALITY MADE INC., DAVID PECK, and the COMMUNITY CHURCH OF GOD, | * |
| Plaintiffs, | * |
| vs. | * |
| JEFF LOWRANCE, individually, and d/b/a FIRST CAPITAL SAVINGS & LOAN, a/k/a FIRST CAPITAL SAVINGS & LOAN LIMITED f/d/b/a MENTOR INVESTING INC, and d/b/a SWISS PROVIDENCE and d/b/a LOGOS PUBLISHING GROUP and d/b/a MARKETWISE TRADING SA and d/b/a USA TOMORROW, | * |
| Defendants. | * |

******************************************

COME NOW the Plaintiffs, by and through the undersigned attorney, Wanda Howey-Fox, and state as follows:

4

## Jurisdiction and Venue

1. This court has jurisdiction herein pursuant to 28 USC § 1332.

## Parties

2. The Plaintiffs, Mark Neitzke and Paul Vis, are residents of the State of South Dakota.

3. The remaining Plaintiffs, are either residents of the State of South Dakota or a variety of states within the United States and the countries of Canada and Austria.

4. The Plaintiffs are informed and believe that the Defendant, Jeff Lowrance, is an individual domiciled in the state of Texas.

5. The Plaintiffs are informed and believe that the Defendant, Jeff Lowrance, is the Chief Executive Officer, President and/or principle owner of First Capital Savings & Loan, formerly known as Mentor Investing Group, Inc., aka First Capital Savings & Loan Limited allegedly incorporated in the country of New Zealand; the principal owner of Logos Publishing Group, believed to be incorporated in the country of New Zealand, Swiss Providence believed to be incorporated in Switzerland; Marketwise Trading SA believed to be incorporated in the country of Switzerland; and USA Tomorrow, an entity believed not to be incorporated in any state but with its principle place of business in the State of Texas.

6. The Defendants, Jeff Lowrance and/or First Capital Savings & Loan, Mentor Investing Group Inc, First Capital Savings & Loan Limited, Swiss Providence, Logos Publishing Group, Marketwise Trading SA and USA Tomorrow all benefitted from the Defendant, Jeff Lowrance's actions.

7. The amount in controversy between the parties is well in excess of fifty thousand ($50,000.00) inasmuch as Plaintiffs aggregate deposits exceed ten ($10,000,000.00) million dollars.

8. None of the Plaintiffs are residents of the State of Texas or the countries of New Zealand or Switzerland.

## Background

9. The Plaintiffs were induced to invest in the various companies controlled by the

5

Defendant, Jeff Lowrance, by his false and misleading statements which were deceptive and untrue.

10. Defendant, Jeff Lowrance, knowingly made statements which were deceptive and untrue or contained material omissions of material facts that Defendant, Jeff Lowrance, knew would mislead and deceive.

11. The Defendant told investors that they were investing in a FOREX (foreign currency exchange) company.

12. In the course of the solicitation, the Defendant or his agents represented to the Plaintiffs, with the intent that they rely thereon, that, among other things, that Defendant and/or his agents:

   a) were experienced and knowledgeable in all facets of FOREX trading; and
   b) were trading in the FOREX market; and
   c) were sending out actual trades of daily trading activity via electronic mail; and
   d) would send out wire transfers paying the plaintiffs' monthly earned income, unless the Plaintiff/clients elected to compound their monthly investment.

13. In reliance on the representations made by the Defendant, Jeff Lowrance, and/or his agents, the Plaintiffs opened accounts with the Defendant's companies.

## COUNT I
## FRAUD IN THE INDUCEMENT

14. Plaintiffs reallege each and every averment set forth above and incorporate by this reference paragraphs 1 through 13 above as if fully set forth herein.

15. The representations made by the Defendant, Jeff Lowrance, as set forth in #12 above, were made with the specific purpose and intent to induce the Plaintiffs into investing monies with Defendant, Jeff Lowrance, and with the Defendants various FOREX ventures.

16. At the time the representations were made by the Defendant, Jeff Lowrance, the Defendant's statements were false, misleading, deceptive and untrue, or contained material omissions of material facts that he knew would mislead and deceive, and the Defendant knew that the representations being made by him were false, misleading, willful, wanton, deceptive, untrue, or contained material omissions of material facts that they knew would mislead and deceive the Plaintiffs.

17. Among other things, Defendant, Jeff Lowrance, was deceptive and untruthful in representing that:

    a) he was not making live trades in the FOREX market; and
    b) he did not have traders making real trades on his behalf;
    c) he was sending out FOREX trades that he did not actually make when in reality, the trades were only demonstrative trades; and
    d) the money generated from the FOREX trading would be used for the betterment of the Plaintiff/investors and the company, when in reality the money was being used for the Defendant's own personal gain and for investments not authorized by the Plaintiff investors in such projects as the USA Tomorrow newspaper;
    e) that Defendant, Jeff Lowrance's business activities in the various companies were highly successful when, in fact, their appearance of success was the result of a series of transfers of money from one plaintiff or client to another through a "ponzi" type scheme.

18. The false and fraudulent misrepresentations were made by the Defendant, Jeff Lowrance, were made with the intent to induce the Plaintiffs to invest in his various companies.

19. The Plaintiffs relied on these false and fraudulent misrepresentations and were induced to turn over to the Defendant, Jeff Lowrance, and his companies, or entities, monies or funds the Plaintiffs believed would be invested in the FOREX market and actual trades would take place.

20. The Defendant, Jeff Lowrance, actively concealed the truth concerning his false and fraudulent misrepresentations and omissions, and continued to actively and intentionally conceal the truth through his business relationships with the Plaintiffs.

21. On or about mid-June, 2008, the Plaintiffs had reason to suspect the fraud perpetrated upon them inasmuch as the Defendant failed to make the monthly interest payments and forced the Plaintiffs to go to a "compound method" of interest accrual.

22. The acts, omissions, and misrepresentations of the Defendant, Jeff Lowrance, were done fraudulently, intentionally and with wanton and reckless disregard of the Plaintiffs and their financial needs.

23. Based upon the Defendant's representations, upon information and belief, Plaintiff's have suffered losses in excess of forty ($40,000,000.00) million dollars.

## COUNT 2
## FRAUDULENT MISMANAGEMENT OF ACCOUNTS

24. Plaintiffs reallege each and every averment set forth above and incorporate by this reference paragraphs 1 through 23 above as if fully set forth herein.

25. The Defendant, Jeff Lowrance, sought to deceive the Plaintiffs by creating a website wherein the investors could monitor their individual accounts.

26. The website for each individual Plaintiff's account and the account totals did not accurately reflect the funds upon deposit with the Defendant and/or his various entities which furthered his scheme and concealed assets as well as Defendant's actions.

27. The Defendant, Jeff Lowrance, misappropriated the funds from the Defendant's investment companies of First Capital Savings & Loan aka First Capital Savings & Loan Limited and Mentor Investing Group. Inc, and transferred funds to USA Tomorrow, a newspaper project, without the authorization or approval of the investor Plaintiffs.

28. The Defendant, Jeff Lowrance, misappropriated and misapplied investor funds and spent, transferred and disposed of investor funds in a manner contrary to the promises that were made to the investors.

29. The Defendant, Jeff Lowrance, misappropriated and misapplied millions of dollars of investor money for payments to a variety of churches to distribute the newspaper from client funds, pay for distribution rights for the newspaper, printing costs and storage fees.

30. The Defendant, Jeff Lowrance, misappropriated and misapplied millions of dollars of investor money by hiring employees to facilitate the façade of a FOREX trading operation when in reality no legitimate trading was taking place.

31. The Defendant, Jeff Lowrance, misappropriated and misapplied large sums of Plaintiffs' monies for his own personal benefit by hosting bowling tournaments, awarding prize money from Plaintiffs'/client funds, paying personal travel expenses for Defendant Lowrance and his family and his invited guests and for Defendant's own personal living and the daily living of his family.

32. In order to conceal the loss of the Plaintiffs' funds and the further losses incurred thereafter, the Defendant, Jeff Lowrance, at various times between 2005 and 2009, intentionally and deliberately made false and fraudulent oral and written representations to the Plaintiffs that

their investment portfolio had made, and were continuing to make, a substantial profit and that their initial principal investment was intact.

33. The Plaintiffs did reasonably believe and relied upon the oral and written representations made to them by Defendant, Jeff Lowrance, concerning the performance and value of the investment portfolio, and were deceived by the fraudulent devices, schemes and artifices to defraud by the Defendant, to conceal the truth from them.

34. On or about mid-June 2008, the Plaintiffs had reason to suspect that a fraud had been perpetrated upon them inasmuch as the Defendant failed to make the monthly interest payments and forced the Plaintiffs to go to a "compound" method of interest.

35. Defendant, Jeff Lowrance, continued to make promises to the Plaintiffs that they would be allowed to have their principle returned to them and set a January 5, 2009, deadline.

36. Defendant, Jeff Lowrance, did not return the Plaintiffs' monies, despite statements that all of the investor's principle amount was safe and in a secured fund which was not accessible until that time.

37. The acts, omissions, and willful and wanton misrepresentations of the Defendant, Jeff Lowrance, were done fraudulently, intentionally, and with wanton and reckless disregard of the Plaintiff's interests and their financial needs causing significant hardships for a number of clients.

38. The Defendants, First Capital Savings & Loan, formerly known as Mentor Investing Group, Inc., aka First Capital Savings & Loan Limited Logos Publishing Group, Swiss Providence, Marketwise Trading SA and USA Tomorrow all benefitted from Defendant, Jeff Lowrance's false, misleading, willful, wanton, deceptive, untrue statements, or his statements contained material omissions of material facts and these entities should not benefit from Defendant, Jeff Lowrance's fraudulent actions.

## COUNT 3
### BREACH OF CONTRACT

39. Plaintiffs reallege each and every averment set forth above and incorporate by this reference paragraphs 1 through 38 above as if fully set forth herein.

40. A number of Plaintiffs signed contracts when conducting business with the Defendants.

41. The Defendants have failed to perform under the terms of the contracts which required Defendants to make monthly payments to the Plaintiffs at the rates promised in the various contracts.

## COUNT 4
## PUNITIVE DAMAGES

42. Plaintiffs reallege each and every averment set forth above and incorporate by this reference paragraphs 1 through 41 above as if fully set forth herein.

43. Defendant, Jeff Lowrance, willfully and wantonly accepted and transmitted wire transfers across state lines and international boundaries in order to continue his fraudulent scheme to defraud the Plaintiff's for his own personal purposes.

44. Defendant, Jeff Lowrance, knowingly and deliberately made fraudulent statements and misrepresentations to the Plaintiffs with willful and wanton disregard for the stability of the investment that he offered.

45. Defendant, Jeff Lowrance, has admitted that legitimate or " real" trades have not occurred for years, unbeknownst to the investors.

46. Defendant, Jeff Lowrance, has admitted that he knowingly misappropriated funds from the investment side of his ventures to his own personal use and for his own ventures with willful and wanton disregard for his investors.

47. Defendant, Jeff Lowrance, has willfully and wantonly continued to advance his fraudulent scheme to new investors by taking their funds through January 2009, all the while knowing he had no hope of making good on his promises to repay investors in accordance with his own January 5, 2009, deadline.

48. Defendant, Jeff Lowrance, has willfully and wantonly continued to advance his fraudulent scheme to entice and induce new investors by taking their funds through January, 2009, all the while knowing that he had no hope of making good on his promises to repay the new investors in accordance with his own January 5, 2009, deadline.

WHEREFORE, Plaintiffs pray for relief as follows:

1. Monetary judgment against Defendant, Jeff Lowrance, individually in the

amount of fifty ($50,000,000) million dollars based upon fraud, embezzlement and/or defalcation;

  2.  Pre-judgment interest at the highest rate allowable by law;

  3.  Monetary judgment against Defendants, First Capital Savings & Loan, Mentor Investing Group Inc, First Capital Savings & Loan Limited, Swiss Providence, Logos Publishing Group, Marketwise Trading SA and USA Tomorrow, in the amount of fifty ($50,000,000.00) million, jointly and severally, based upon fraud, embezzlement and/or defalcation;

  4.  Post judgment interest against all Defendants, Jeff Lowrance, First Capital Savings & Loan, Mentor Investing Group Inc, First Capital Savings & Loan Limited, Swiss Providence, Logos Publishing Group, Marketwise Trading SA and USA Tomorrow, at the highest rate allowed by law;

  5.  All consequential and incidental damages proven by the Plaintiffs;

  6.  Punitive damages in the amount of $150,000,000 or treble the actual damages awarded by the Court;

  7.  All of the Plaintiff's attorney fees, sales taxes, costs and disbursements incurred herein;

  8.  The Court enter an order of permanent injunction prohibiting the Defendant, Jeff Lowrance, and any and all agents from engaging in, trading, soliciting, receiving or accepting any funds in connection with the purchase or sale of any commodity interest contract; and

  9.  Such other and further relief as the Court or jury may deem just and equitable.

Dated this 13th day of March, 2009.

            HARMELINK, FOX & RAVNSBORG
            LAW OFFICE

            Wanda Howey-Fox
            Attorney at Law
            P.O. Box 18
            Yankton, SD 57078
            (605) 665 - 1001